NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREAS CARLSSON PRODUCTION
AB; et al.,

No.  18-55796

Plaintiffs-Appellees,

D.C. No. 2:15-cv-06049-AFM

v.

MEMORANDUM[*]

JAZAN WILD, an individual, AKA Jason
Barnes,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of California
Alexander F. MacKinnon, Magistrate Judge, Presiding[**]

Submitted February 15, 2019[***]

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Defendant Jazan Wild appeals pro se the district court's judgment, after a

jury trial, granting declaratory relief in favor of plaintiffs Andreas Carlsson

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Production and Andreas Carlsson in their action under the Copyright Act against him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly exercised its discretion in denying Wild's motion for a new trial under Federal Rule of Civil Procedure 59(a) because the verdict on copyright infringement and unfair competition was supported by the clear weight of the evidence. *See Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017) (setting forth standard for granting new trial). Evidence presented at trial supported the finding that the *Beyond the Velvet Rope* song lyrics and script did not infringe on Wild's copyrights. *See* 17 U.S.C. § 101 (defining "joint works"); *Skidmore v. Led Zeppelin*, 905 F.3d 1116, 1125 (9th Cir. 2018) (setting forth elements of copyright infringement claim); *Garcia v. Google, Inc.*, 786 F.3d 733, 742 (9th Cir. 2015) (en banc) (addressing joint works). In its Memorandum Opinion and Order denying Wild's post-trial motions, the district court carefully outlined the Carlsson parties' "persuasive evidence" which supported the jury's verdict. That evidence justifies the court's decision.

Wild waived his right to file a post-verdict motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) because he did not file a pre-verdict motion under Rule 50(a). *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1082–83 (9th Cir. 2009). There was no plain error in the district court's denial of the Rule 50(b) motion. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,

2

259 F.3d 1101, 1109 (9th Cir. 2001) (holding that plain error review is limited to whether there was any evidence to support the jury's verdict).

Wild's motion to transmit physical exhibits (Docket Entry No. 11) is denied as unnecessary.

**AFFIRMED.**